# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIORA JIDEOFOR,<br><br>                              Plaintiffs,<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>                              Defendant. | Case No.: 13-CV-2163 W (JLB)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) [DOC. 24]** |

      Pending before the Court is Plaintiff's counsel Roger D. Drake's ("Counsel") motion for attorney's fees under 42 U.S.C. §406(b). Counsel requests an order granting him $3,548.25 in fees and costs.

      Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Id. In evaluating a request for attorney's fees, courts look at the character of the representation and the results achieved. Gisbrecht v. Barnhart, 535 U.S. 789, 790 (2002)

1

(reasoning that courts may consider the "character of the representation and the results the representative achieved"); see also Rodriquez v. Bowen, 865 F.2d 739, 746–47 (6th Cir. 1989) (reasoning that if an attorney is responsible for delay, then the attorney cannot profit from the setback, and that the attorney's compensation should be proportionate to the time expended on the case).

Here, Counsel was awarded EAJA fees in the amount of $4,000, however, those fees were garnished under Astrue v. Ratliff, 130 S.Ct. 2521, 2252–53 (2010) and the United States Department of the Treasury's Offset Program. (*See EAJA Award* [Doc. 23]; *Drake Dec.* [Doc. 24-2], ¶ 3, Ex. B [Doc. 24-4].) On remand, the new attorney who represented Plaintiff through administrative proceedings received a favorable decision and the administration withheld 25% of back benefits in the amount of $9,548.25 to pay attorney's fees. (*P&A* [Doc. 24-1] 2:1–7.) Plaintiff's administrative counsel was awarded $6,000 in attorney's fees, leaving $3,548.25 remaining to pay attorney's fees incurred in this case. (*Id.* 2:7–9.) Counsel's requested fee of $3,548.25 is 9.3 percent of back benefits, well under the 25 percent statutory cap.

Additionally, the Court has reviewed the amount of time spent on this matter, as well as Counsel's hourly rate. (*See Drake Dec.*, ¶ 10, *Ex. C* [Doc. 24-5].) The Court finds the effective hourly rate is consistent with the market and the work on this matter reasonable. Accordingly, the Court **GRANTS** Counsel's motion for attorney's fees [Doc. 24] and **AWARDS** Counsel attorney's fees of $3,548.25.

**IT IS SO ORDERED.**

Dated: June 9, 2017

Hon. Thomas J. Whelan
United States District Judge

2